IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHRISTOPHER W. SANDERSON                                                PLAINTIFF
ADC #131483

v.                              No: 4:17-cv-00174 JLH-PSH

STEVE LOPEZ, *et al.*                                                   DEFENDANTS

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

#### I. Introduction

Plaintiff Christopher W. Sanderson, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, while he was incarcerated at the Lonoke County Detention Center. Doc. No. 2. Sanderson's complaint included multiple claims, and he was ordered to file an amended complaint providing additional information. Doc. No. 3. Sanderson subsequently filed a letter which was treated as the amended complaint. *See* Doc. No. 6. This Court subsequently recommended that Sanderson be required to amend his complaint to provide more information regarding his black mold claim

against Defendant Steve Lopez, and that the remainder of Sanderson's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted. *Id.* The Court's recommendation was approved (Doc. No. 7), and Sanderson subsequently filed an amended complaint regarding his black mold claim (Doc. No. 8).

Lopez filed a motion for summary judgment, a brief in support, and a statement of facts claiming that Sanderson had not exhausted claims against him before he filed this lawsuit (Doc. Nos. 17-19). Sanderson did not file a response to Lopez's motion. Because Sanderson failed to controvert the facts set forth in Lopez's statement of undisputed facts, Doc. No. 19, those facts are deemed admitted. *See* Local Rule 56.1(c). Lopez's statement of facts, and the other pleadings and exhibits in the record, establish that the material facts are not in dispute and that Lopez is entitled to summary judgment as a matter of law.

## II. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored

information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .". Fed. R. Civ. P. 56(c)(1)(A). A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Undisputed Facts

1. Lopez is the Lonoke County Detention Center ("detention center") assistant jail administrator. *Lopez Affidavit,* Doc. No. 19-1 at 2.

2. Sanderson was booked into the detention center on or about February 8, 2017. *Id.*

3. Sanderson filed this lawsuit on March 21, 2017, alleging that he was injured due to his exposure to black mold at the detention center. Doc. 2 at 4.

4. The detention center had a grievance procedure in place in 2017 that allowed inmates to submit complaints, questions and problems about the detention center to detention center staff. Doc. No. 19-1 at 3; *Grievance Procedure*, Doc. No. 19-3.

5. On January 9, 2017, Sanderson signed a document that stated: "I have received a copy of my inmate rules and rights. I understand what is and is not expected of me while visiting this facility." Doc. No. 19-1 at 2-3; Doc. No. 19-2 at 2.

6. Any inmate who wished to file a grievance complaint about any issue at the detention center could contact any guard to get the necessary form to submit. Doc. No. 19-1 at 3.

7. Beginning on or about April 2017, detention center inmates could submit grievances through the detention center's kiosk communication system. *Id.*

8. Lopez's duties require that he help oversee the creation and maintenance of detainee jail files. *Id.* at 2.

9. The records maintained in Sanderson's jail file, Doc. No. 19-2, were created at or near the time of the events recorded therein, filed, and maintained in the ordinary course of business of the detention center. *Id.* Sanderson's jail file includes copies of grievances he filed while incarcerated at the detention center. *Id.*

10. Sanderson submitted grievances while he was at the detention center before he filed suit on March 21, 2017, about issues unrelated to black mold. Doc. No. 19-1 at 3; Doc. No. 19-2.

11. Sanderson submitted grievances while he was at the detention center after he filed suit on March 21, 2017, about issues unrelated to black mold. *Id.*

12. Sanderson did not submit a grievance concerning exposure to black mold to the detention center before he filed suit on March 21, 2017. Doc. No. 19-1 at 2; Doc. No. 19-1.

13. Plaintiff was released to the custody of the Arkansas Department of Corrections on April 26, 2017. *Id.*; Doc. No. 5.

## IV. Analysis

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all

inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 218. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id.*

Lopez correctly asserts that he is entitled to summary judgment because Sanderson failed to exhaust his administrative remedies before he filed this lawsuit. The record shows that Sanderson filed numerous grievances both before and after he filed this lawsuit, but none grieved the issue of black mold. Sanderson did not respond to Lopez's motion for summary judgment or refute his statement of facts. Accordingly, there are no issues of material fact in dispute, and Lopez is entitled to summary judgment.

Finally, Lopez asks that Sanderson's claims be dismissed with prejudice because Sanderson did not file a grievance concerning his black mold claim before he was transferred into the custody of the Arkansas Department of Correction. Dismissals for failure to exhaust are typically without prejudice, but in circumstances such as this, where the plaintiff is incapable of exhausting his administrative remedies, dismissal with prejudice is appropriate. *See e.g., Wiley v. Neal,* No. 2:17CV00036-JLH-JTK, 2018 WL 578096, at *3 (E.D. Ark. Jan. 4, 2018), *report and recommendation adopted*, No. 2:17CV00036-JLH-JTK, 2018 WL 576841 (E.D. Ark. Jan. 26, 2018); *Acklin v. Underwood*, No. 3:15CV00376-JTK (E.D. Ark. May 13, 2016); *Nasseff v. Lisowy,* No. 14-CV-4704 JNE/BRT, 2015 WL 4545413, at *5 (D. Minn. July 28, 2015). Accordingly, the Court recommends that Sanderson's complaint be dismissed with prejudice.

## V. Conclusion

Sanderson did not exhaust available administrative remedies before initiating this lawsuit. Accordingly, Lopez should be awarded summary judgment and Sanderson's claim(s) against him be dismissed with prejudice. It is further recommended that the Court certify that an *in forma pauperis* appeal taken from the order adopting this recommendation and accompanying judgment is considered frivolous and not in good faith.

DATED this 3rd day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE